THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* WIL-
LIAM COBERLY, *v.* WALTER B. SCATES, one of the Justices
of the Supreme Court, assigned to the Third Judicial Cir-
cuit.

*Application for a Writ of Mandamus.*

The Circuit Courts are courts of general jurisdiction.
The case of Nomaque *v.* The People, Breese 111, means nothing more than that a
prisoner, in a capital case, is not to be presumed to waive any of his rights. He
may, however, by express consent, admit all of them away.
A change of venue may be awarded in a criminal case, by consent, without requiring
a petition or affidavit to be filed for that purpose.
*Semble,* That the Court, to which a cause is sent by change of venue, cannot look
behind the order of the Court making the change, and determine its regularity.

JAMES SHIELDS, for the relator.

J. LAMBORN, Attorney General, for the defendant.

BREESE, Justice, delivered the opinion of the Court:
James Shields, counsel for the relator in this case, presented the
petition of the relator for an alternative *mandamus* against one of
the Justices of this Court, assigned to the Third Judicial Circuit,
setting forth therein the following facts: That at the April term,
1842, of the St. Clair Circuit Court, in the Second Judicial Cir-
cuit, the said relator, Coberly, was indicted by the grand jury of
that county, for the crime of murder, to which indictment he, on
his arraignment, pleaded not guilty, and at the same time made an
application to the Court for a change of venue, from the county of
St. Clair, and from the Second Judicial Circuit; that the State's
Attorney of said Circuit, thereupon, on said motion being made,
consented that the venue in said cause should be changed to the
county of Perry, in the Third Judicial Circuit, and the following
order, in the premises, was entered of record: "And now at this
day comes the defendant, and moved that the venue in this cause
be changed out of the Circuit, and by consent of parties, the venue
herein is changed to the county of Perry," &c. The original in-
dictment and record of the proceedings in the St. Clair Circuit
Court being filed in the Perry Circuit Court, and the relator placed
at the bar for trial, the People, by the State's Attorney of the Third
Judicial Circuit, moved the Court to dismiss the cause from the
docket of that Court, for want of jurisdiction, which motion the
Court then and there allowed, at the April term thereof, and re-
fused to entertain jurisdiction of the cause, but dismissed the
same, and remanded the prisoner to the jail of St. Clair county.

The judge of said Court waiving the issuing of the alternative
writ, as prayed for, admits the facts as stated in the petition of the
relator, and asks that they may be taken as a return to such writ,

and assigns as reasons for refusing to proceed in the cause, the following :

*First.* Because the defendant, the relator here, had not complied with the requisitions of the statute, by filing his petition to the Circuit Court of St. Clair county, verified by affidavit, for a change of venue ;

*Second.* Because the consent of parties could not give jurisdiction to the Circuit Court of Perry county.

It becomes the duty of the Court, upon the facts and reasons as here presented, to determine their sufficiency, as justifying the judge of the Third Judicial Circuit, in refusing to entertain cognisance of the cause thus sent to him. It is admitted that consent cannot give a court jurisdiction of a cause over which the law has conferred no jurisdiction. Thus, an agreement that an action of debt, trespass, assumpsit, or any other civil action, or an indictment for any crime or misdemeanor, may be tried by the county commissioners' court, would not give such court jurisdiction, because the law has not conferred any such power upon it, and consent could not impart it; but the Circuit Courts, of all the circuits, are Courts of general jurisdiction to hear and determine all such cases originating in the several counties comprising the circuit, or which may be brought before them, by a change of venue, from other circuits. Local actions and indictments for crimes must be brought and tried in the counties in which they originate ; yet they may all be tried in other and different counties, upon a proper case being presented to the Court, for a change of venue. The Constitution requires that an accused person shall have a speedy and impartial trial by a jury of the vicinage. This is for his benefit and protection, and the clause was inserted, in all our Constitutions, to prevent the hazards and injury to which accused persons were exposed, by the action of the Crown, during our colonial existence. It was one of the causes assigned for our separation from the mother country ; accused persons were transported beyond seas, to be tried for pretended offences. It is then a constitutional right which every man has, to be tried by a jury of his neighborhood. This is for his benefit, and to his advantage, in most cases ; yet it sometimes happens that the immediate neighborhood or county in which an offence has been committed, is so excited by prejudice and passion against the supposed offender, that it would become an unsafe place in which to risk his chance of an acquittal, if innocent, the verdict resulting rather from such passion and prejudice, than from a cool, unbiassed judgment upon the evidence. Further to protect the accused from influences of this character, a statute has been passed, permitting him to obtain a change of venue to some county or circuit where the causes, which may be supposed existing to prevent an impartial trial, do not exist, and this is done upon reasonable notice to the opposite party, and upon his petition, verified by affidavit, addressed to the judge or Court where the cause is pend-

ing.    This is an important privilege extended to him, which cannot be granted, however, unless the requisites of the law are either complied with, or waived.    The prosecution may object that notice has not been given of the application ; that the petition does not show a sufficient cause, or that it is not verified by affidavit ; for it is by these the Court is informed that an impartial trial cannot be had in the Court where the indictment is pending.    These preliminaries are only to afford the Court such information, and the accused is bound to furnish it before he can have the privilege conferred by the statute, which is for his benefit.

The facts in this case show that the prisoner, after pleading not guilty, moved for a change of venue from the county of St. Clair, and from the Second Judicial Circuit, but filed no petition, and made no affidavit, that any of the causes existed, enumerated in the statute, to authorize the motion, or to justify allowing it.    The State's Attorney, however, acting on the behalf of the people, consents that the venue should be changed, on the bare application and request of the prisoner, and by agreement, Perry county, in the Third Judicial Circuit, is selected as the county for the trial. What is the effect of this consent by the State's Attorney?

The application is made by the prisoner, for a privilege, which, under a certain state of facts, if presented by petition and affidavit, the Court must grant, having no discretion to refuse it.    Does not the consent of the State's Attorney operate as a waiver of the petition and affidavit?    Is it not an admission by him, and thus information to the Court, that the facts do exist which could authorize a change?    Is it anything more than dispensing by him, with prerequisites which he might insist on, in order that the prisoner shall more readily obtain the privilege he seeks?    It would seem that the conduct of the prosecuting attorney in this case, was prompted by a spirit of great liberality towards the prisoner, and it is incomprehensible to me, how error could be assigned in a case where the Court extends to a prisoner, at his own request, a privilege to which the law might not entitle him, except upon the compliance with certain forms.

It is said, that a prisoner, in a capital case, is standing upon all his rights, and can waive none of them, nor his counsel for him, and reference is made to the case of Normaque *v.* The People, (1) in support of this position.    This case means nothing more than this, that a prisoner, in a capital case, is not to be presumed to waive any of his rights ; but that he may, by his express consent, admit them all away, can be neither doubted nor denied.    He may certainly plead guilty, and thus deprive himself of one of the most valuable rights secured to the citizen, that of a trial by jury.

If he can expressly admit away the whole case, then it follows that he can admit any part of it, but will not be presumed to have

(1) Breese 111.

done so; the consent must be expressly shown, and this is the whole scope of the doctrine in the case referred to.

But in this case, the prisoner was not waiving any of his rights, he was obtaining a right by a more speedy and less troublesome way, than a compliance with the statute would have caused, and if any right was waived, it was by the people, dispensing, through their State's Attorney, with the petition and affidavit required by law.

It is not perceived there is any difference in the principles applicable to a change of venue in civil and in criminal cases; in both, certain facts must be made known to the Court, before a change can be had; yet it is the constant practice on the Circuit, to waive the performance of all the requirements of the statute, and consent to a change to a county mutually agreed upon by the parties. No question has ever been made of the propriety of this practice.

Another point has been made here by the counsel for the relator, and that is, whether a Court to which a cause is sent by change of venue, can look behind the order of the Court making the change, and determine as to its regularity.

It would seem to me, that no such power exists; objections to a change of venue, if there be any, should be made and saved in the Court where the application is made, and if a change is improperly allowed, it can be assigned as error by the party prejudiced thereby. The Court to which the cause is sent, is not a Court to review and reverse the orders and decisions of the Court making the order or decision, it has no right to enquire into the regularity of the order; that is for the appellate Court alone, and if an erroneous order has been made, it can be there reviewed and reversed. But upon this point, the Court do not wish to be understood as expressing a definite opinion, as it is not necessary in order to determine this motion. Upon all the facts agreed, and arguments advanced, we are of opinion that a peremptory *mandamus* should be awarded to the Circuit Court of Perry county, to proceed with the trial of the cause.

The motion for a peremptory *mandamus* is allowed.

SCATES, Justice, delivered the following dissenting opinion:

The Court below, upon motion of the State's Attorney, and an inspection of the order awarding the change of venue, dismissed the cause from the docket, conceiving that it had a right, under the statute, to determine the regularity of the proceedings, and the sufficiency of the causes for which the change was awarded. The third section provides, that "All questions concerning the regularity of proceedings, in obtaining changes of venue, and the right of the Court to which the change is made, to try the cause and execute the judgment, shall be considered as waived after trial and verdict; and should the party omit to place his exception to the change upon

record, in the Court awarding it, he may nevertheless, it seems to me, do so at any time, before trial and verdict, in the Court to which the cause is sent, and which, if the Court receiving it has no power to decide upon it, would present the anomaly of a court of general jurisdiction becoming a mere prothonotary, to note and enter questions, without any right or power to decide them. Such, in my opinion, cannot be the meaning of the legislature, or the true construction of the act. The right of the party to raise this question of regularity, &c., is synonymous with the power and jurisdiction of the Court where it is raised, to decide it."

The language of the act raises the exclusion of a conclusion. If it is to be considered as waived after trial and verdict, the conclusion that it is waived at any time before, is excluded. Therefore the State's Attorney had the right, and did object to the jurisdiction and cognisance of the cause by the Perry Circuit Court. If the right of the party and the power of the Court are synonymous, therefore the Perry Circuit Court had the power to decide on the regularity of the proceedings, and the sufficiency of the causes. The objection to the change, by the plain language and necessary inference of the act, is open, until trial and verdict. Any other construction would cut off the party from his objection, unless raised and entered in the Court awarding the change; yet trial and verdict might be delayed for years. I can come to no other conclusion, than that the party can exercise the right, at any time before trial and verdict, in the Court to which the venue is changed; and if the proceedings are not regular, and the causes sufficient for changing it, from which the right of the Court to try appears, then the Court may refuse to take jurisdiction, and dismiss it. It is no answer to say that it is in the nature of an appeal and revision by one coördinate jurisdiction, over the acts and decisions of another. If it be, it is given by this statute, in this case, to which, therefore, as such, there can be no objection.

Every court has the power of determining, in the first instance, its jurisdiction, either as to the persons of the suitors, the cause of action, or the mode of instituting the suit, or bringing it into the court, and until it takes, or declines to take jurisdiction, no other court, high or low, can interpose, to compel it to proceed or desist. Can, therefore, the order of the St. Clair Circuit Court, prejudge or conclude, by its order awarding the change, the power of the Perry Circuit Court to determine whether this cause has been brought into that Court in a manner, and under circumstances, which will give it jurisdiction, not of the crime of murder, but over the person of one committing, and over a crime committed, in another county?

This brings me to the second proposition, that is the jurisdiction. The venue of crimes, at the common law, is local. (1) We have

(1) 1 Chit. C. L. 177 et seq.

adopted the common law, (1) therefore it is local here, except so far as we have made it wholly or partially transitory by statute. The statute has made it partially transitory under particular circumstances; where the offence is committed on county lines; where goods are stolen in one county and carried into another; where the inception of the crime is in one county, and its consummation in another; and like cases. (2) But it has not changed it where it is wholly consummated in one county. Of this offence, then, no other than the St. Clair Circuit Court could take cognisance. How, then, can that Court be divested and another invested with jurisdiction of this person and this offence? By change of venue according to the statute. The statute (3) has provided that where these causes exist, to wit, prejudice in the minds of the inhabitants, or the judge, and it is made to appear, by petition verified by affidavit, the venue shall be changed to the "next nearest county where the causes complained of do not exist." Can there be any discretion here to part with that jurisdiction, by consent of the parties, unless the existence of the causes that will divest it, are made to appear, not by consent, but by the oath of the party? As well might the plaintiff here, and the State's Attorney consent that the crime was committed in Perry, and prefer a bill before the grand jury of that county. If this fact should appear upon trial, before the traverse jury, would the consent and admission of the defendant and State's Attorney, authorize the Court to instruct the jury that he might be found guilty? Again, is not the power of the Court in awarding the change, limited and prescribed "to the next nearest county where the causes complained of do not exist?" The causes do not, and may not appear, if consent that sufficient causes exist, is sufficient. Are they the prejudice of the Court, and must it go out of the Circuit? Are they prejudices in the minds of the inhabitants, in one county only, and must it go to the next nearest? Is it immaterial whether they exist at all or not, so the parties agree that there are causes existing which induce the wish, on their part, to change it? Here the jurisdiction over the person and cause of a local offence, is divested out of one Court, and invested in another, by the mere act and consent of the parties. Yet the rule of law is well settled, that consent will not give jurisdiction. It is no answer to say that it is but dispensing with an onerous duty on the defendant. Until that burthen is assumed and discharged, the Court cannot part with its jurisdiction over that offence, acquired by the return of the bill by the grand jury. A consents that he will dispense with an affidavit and *capias*, and surrenders himself into the custody of the sheriff, at the suit of B, and with B's approbation. Would any court hesitate to discharge him from custody upon *habeas corpus*? And yet they would not discharge his

(1) R. L. 425; Gale's Stat. 440.　　　(2) R. L. 213; Gale's Stat. 232.
(3) R. L. 607; Gale's Stat. 682.

person out of the custody of a court having legal jurisdiction over it; and here it would but be dispensing with the burthen of the plaintiff, in making his affidavit, and suing out his process, by which, and, I think, by which alone, that kind of jurisdiction could be acquired. I am of opinion that the Perry Circuit Court had the right to enquire into and determine the regularity of the proceedings in, and the sufficiency of the causes for, changing the venue, and that it could not take jurisdiction of the person of the defendant, or of this crime, under the circumstances of this cause, as presented in the record here.

*Peremptory Writ of Mandamus awarded.*